NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKIL KHALFANI,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE TAHESHA WAY,<br><br>Defendant. | Civil Action No. 24-07749 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the *ex parte* "Emergency Motion for Injunctive Relief" by *pro se* Plaintiff Akil Khalfani ("Plaintiff"). ("Emergency Motion," ECF No. 9.) Plaintiff, an alleged congressional candidate in New Jersey's 10th congressional district, asks the Court to issue "an immediate injunction preventing the printing and dissemination of the General Election ballots for New Jersey's 10th Congressional District," and that the Court "order Defendant [the Honorable Tahesha Way] to count and certify all write-in votes from the June 4, 2024 Primary Election and include Plaintiff as the Democratic candidate on the November 2024 ballot." ("Emerg. Mot. Br.," ECF No. 9-1, at *6.)[1] For the reasons explained below, Plaintiff's Motion is **DENIED**.

I. **BACKGROUND**

Plaintiff alleges he is "a Congressional candidate for New Jersey's 10th District" vying for the U.S. House of Representatives seat left vacant by the Honorable Donald M. Payne Jr. after his passing last spring. (*Id.* at *2, 4.) After Congressman Payne's passing, Governor Philip D. Murphy

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

NOT FOR PUBLICATION

("Governor Murphy") issued a writ for a special election to fill the "unexpired" portion of Congressman Payne's term. (*Id.* at *4); *see also* N.J.S.A. 19:3-27 ("When a vacancy shall happen in the representation of this state in the United States house of representatives, it shall be the duty of the governor to issue a writ of election to fill such vacancy. . ."). Governor Murphy scheduled a special primary election for July 16, 2024 and a special general election for September 18, 2024. *See* Writ of Election, Governor Philip D. Murphy (May 3, 2024), *available at* https://d31hzlhk6di2h5.cloudfront.net/20240503/36/e4/df/89/025c71b5555013e08293c246/Writ_Of_Election.pdf. Despite the scheduling of a special primary election for July 16, 2024, Plaintiff "conducted a write-in campaign and received the qualifying number of write-in votes for candidacy . . ." at a June 4, 2024 primary election, which the Court presumes was the originally-scheduled primary election date prior to Congressman Payne's passing. (Emerg. Mot. Br. at *2, *4.) Given Plaintiff's alleged performance at the June 4, 2024 primary election, Plaintiff argues that he should be included on the November 5, 2024 general election ballot as a congressional candidate for New Jersey's 10th congressional district.[2] (*Id.* at *2.)

On July 12, 2024, Plaintiff filed a Complaint fashioned as a "Motion to Certify All Votes from the June 4, 2024 Primary Election and to Include Qualifying Write-in Candidates on the General Election Ballot" directed at Defendant Lieutenant Governor and Secretary of State the Honorable Tahesha Way, Esq. ("Defendant"). (ECF No. 1.) Plaintiff brought claims under the "Help America Vote Act," 52 U.S.C. § 20901, *et seq.,* 42 U.S.C. §1983, and 52 U.S.C. §10301(8) (pertaining to the denial or abridgement of the right to vote). (*Id.* at *5 – *6.) Since then, Plaintiff

---

[2] The Court notes that the September 18, 2024 special general election has taken place, and it appears Democrat LaMonica McIver prevailed and will be the Democratic nominee for New Jersey's 10th congressional district on the November general election ballot. *See* J. Wang, "Democrat LaMonica McIver wins NJ special election," *Roll Call*, rollcall.com (Sept. 18, 2024), *available at* https://rollcall.com/2024/09/18/democrat-lamonica-mciver-wins-nj-special-election/.

NOT FOR PUBLICATION

has filed another motion and two proposed Amended Complaints that request the same relief as Plaintiff's initial Complaint (*i.e.*, to certify the write-in votes from the June 4, 2024 primary election). (*See* ECF Nos. 4, 7, 10.) None of Plaintiff's Complaints—be it his initial Complaint or his two proposed Amended Complaints—have been served on Defendant to date. Consequently, Defendant has not entered an appearance in this matter, and the Court has not ruled on any of Plaintiff's pending *ex parte* requests for relief.

Now, Plaintiff has filed an *ex parte* Emergency Motion—without notice to Defendant—seeking the same relief he has repeatedly sought from the Court pertaining to the results of the June 4, 2024 primary election.[3] Stylized as essentially a request for a temporary restraining order, Plaintiff seeks: (i) an injunction to prevent the printing and dissemination of the November 2024 general election ballots; and (ii) an order that Defendant count and certify all write-in votes from the June 4, 2024 election and include Plaintiff as the Democratic candidate on the November general election ballot. (Emerg. Mot. Br. at *6.)

## II. LEGAL STANDARD

Granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 ("Rule 65") is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In determining whether to grant a motion for preliminary injunctive relief, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to

---

[3] Plaintiff has sought the same exact relief regarding the certification of the June 4, 2024 primary election results in his initial Complaint, (ECF No. 1), a Motion for an Order to Certify the Primary Election Votes, (ECF No. 4), his first proposed Amended Complaint, (ECF No. 7), and his second proposed Amended Complaint, (ECF No. 10).

3

other interested persons from the grant or denial of the injunction"; and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

### III.  DISCUSSION

At the outset, the Court finds that Plaintiff's *ex parte* Emergency Motion fails to comply with the requirements of Rule 65, including Rule 65(b)(1)(B). The Court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).[4] Plaintiff's Emergency Motion does not include any certification or explanation as to whether efforts were made to notify Defendant regarding this Emergency Motion. Further, Plaintiff does not explain why the Court should not require notice to Defendant in a matter dealing with weighty issues such as this State's federal election procedures.

As previously noted, a review of the docket in this matter also reveals that Plaintiff has not even served Defendant with process to date. While Plaintiff is still within the 90-day window for service of process under Federal Rule of Civil Procedure 4(m), almost three months have passed since Plaintiff filed his initial Complaint, (*see* ECF No. 1), and the general election which concerns

---

[4] Even if the Court were to construe the Emergency Motion as a request for a preliminary injunction, "[t]he court may issue a preliminary injunction *only on notice to the adverse party*." Fed. R. Civ. P. 65(a)(1) (emphasis added).

4

**NOT FOR PUBLICATION**

Plaintiff is less than two months away. While it appears Plaintiff is aware of the fast-approaching election given his numerous filings, his failure to serve Defendant or provide notice of this Emergency Motion has led him to be the architect of his own plight. *See Scott v. Fam. Dollar Stores*, No. 20-00773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020) (denying motion for emergency relief where defendants "ha[d] not been formally put on notice as to th[e] action or the current motion" as "[f]ailure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone" to deny motion); *Chaves v. Int'l Boxing Fed'n*, No. 16-1374, 2016 WL 1118246, at *1 (D.N.J. Mar. 22, 2016) ("Here, there is no indication that Plaintiffs' provided notice to Defendant, nor is there a certification explaining why notice should not be required. Thus, Plaintiffs have not satisfied the requirements of Federal Rule of Civil Procedure 65. Accordingly, the Court shall deny the application without prejudice.").

The Court has a "duty to be mindful of a litigant's pro se status when examining pleadings filed by a pro se litigant." *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018). However, federal courts across the country have held that a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements. *See, e.g., Meaux v. La. Off. of Governor*, No. 17-0203, 2017 WL 8794844, at *2 n.1 (W.D. La. Feb. 10, 2017) (collecting cases); *Farabee v. Clarke*, No. 16-00325, 2016 WL 7106298, at *1 (W.D. Va. Dec. 5, 2016) (noting Rule 65(b)(1)(B) should apply to *pro se* litigants); *Benjamin v. Soward*, No. 22-1973, 2022 WL 16552664, at *3 (M.D. Fla. Oct. 31, 2022) (citing case law indicating *pro se* litigant's failure to comply with Rule 65(b)(1)(B) is "fatal"). Given that Defendant has no notice of the pending Emergency Motion—much less this entire matter—Plaintiff's Emergency Motion is **DENIED** for failure to comply with Federal Rule of Civil Procedure 65.

**NOT FOR PUBLICATION**

Therefore, **IT IS** on this 1st of October, 2024,

**ORDERED** that Plaintiff's Emergency Motion for Injunctive Relief, (ECF No. 9), is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion pending at ECF No. 9; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum Order to the address on record for Plaintiff.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**