NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKIL KHALFANI,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE TAHESHA WAY,<br><br>Defendant. | Civil Action No. 24-07749 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Akil Khalfani's ("Plaintiff") Motion for "an Order Insisting that the Defendant Certify and Count All Votes from the June 4, 2024 Primary Election." (ECF No. 4 (the "Motion").) The Court has considered Plaintiff's submission, and for the reasons explained below, the Court directs Plaintiff to show cause within twenty (20) days of this Memorandum Order as to why Plaintiff's requests for relief in this case are not moot. The Court therefore administratively terminates without prejudice Plaintiff's Motion pending resolution of the outstanding order to show cause. The Motion will be reopened should the issue of mootness be resolved in Plaintiff's favor.

  By way of background, Plaintiff was "a Congressional candidate for New Jersey's 10th District" vying for the U.S. House of Representatives seat left vacant by the Honorable Donald M. Payne Jr. ("Congressman Payne") after his passing on April 24, 2024.[1] (Motion at *2[2]; ECF No. 16 at 2.) A Democratic Party primary was held on June 4, 2024 (the "June Primary") to determine

---

[1] The Court summarizes the relevant background in this case; it is described at length in the Court's October 16, 2024 Opinion. *See* ECF No. 16.

[2] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

who would be the Democratic candidate at the November 5, 2024 general election (the "November Election") to fill the 10th Congressional District's seat for the next congressional term. (ECF No. 16 at 2.) Congressman Payne's name allegedly "could not be replaced" on the primary ballot following his passing. (*Id.* at 3.)

During the primary, Plaintiff allegedly "conducted a write-in campaign and received the qualifying number of write-in votes for candidacy." (*Id.*) However, the deceased Congressman Payne still received the highest number of votes at the primary. (*Id.*) Aside from the instant Motion, Plaintiff has filed a Complaint, two Proposed Amended Complaints, and two *ex parte* requests for temporary restraining orders against Defendant the Honorable Tahesha Way[3] ("Defendant") requesting essentially identical injunctive relief involving: (i) certifying Plaintiff as the winner of the June Primary, (ii) prohibiting the printing of the November Election ballots without his name included, and (iii) declaring Plaintiff the rightful Democratic candidate for Congressman Payne's vacant seat. (*See generally* ECF Nos. 1, 4, 7, 9, 10, 13, 14.)

As found by the Court in its two prior decisions denying both of Plaintiff's requests for temporary restraining orders, his requests for injunctive relief appear to be without merit.[4] (ECF No. 16 at 9 – 14; *see also* ECF No. 11.) After denying Plaintiff's second request for a temporary restraining order in October, the November Election occurred. "If developments occur during the

---

[3] Neither Defendant nor counsel for Defendant has ever entered an appearance in this action, and the Court has repeatedly raised concerns that Defendant was not properly served with process. (*See* ECF No. 11 at 4–5; ECF No. 16 at 9 n.10.)

[4] Specifically, the Court found that New Jersey election law treats sufficient votes received by a deceased candidate to win a nomination as creating a vacancy to be filled by procedures outlined in N.J.S.A. 19:13-20. (*See* ECF No. 16 at 11.) LaMonica McIver was selected by the Democratic county committees of Essex, Hudson, and Union counties to appear on the November Election ballot pursuant to N.J.S.A. 19:13-20. *See* "Joint Congressional District 10 Convention Endorses LaMonica McIver as Democratic Candidate," Insider NJ, insidernj.com (July 19, 2024), *available at* https://www.insidernj.com/press-release/joint-congressional-district-10-convention-endorses-lamonica-mciver-as-democratic-candidate/.

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010) (quoting *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)).

Here, with the November Election now complete, Plaintiff's requests for injunctive relief found within the instant Motion regarding efforts to appear on the November Election ballot appear to be moot. Further, because Plaintiff's Complaint (and his two Proposed Amended Complaints) only seek injunctive relief specifically related to Plaintiff appearing on the November Election ballot, the entire case appears to be moot.[5] *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 366 (D.N.J. 2008) ("Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte").

Therefore, **IT IS** on this 9th day of December, 2024,

1. **ORDERED** that Plaintiff is ordered to show cause within twenty (20) days of this Memorandum Order as to why this case is not moot and this Court's jurisdiction remains appropriate;

2. **ORDERED** that failure to show cause within twenty (20) days of this Memorandum Order will result in this case being dismissed; and

---

[5] While election law cases may sometimes avoid mootness issues where the conduct complained of is "capable of repetition yet evades review," the Court finds that the exception does not appear to be present in the instant matter. To establish the exception, a party must demonstrate "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Here, the matter involves a discrete, unique situation whereby a deceased United States Congressman won a primary election that Plaintiff thought he should have won—even though he received less votes than the deceased Congressman. It is highly unlikely Plaintiff will find himself in the same situation again, and to the extent he does, the Court has already explained to Plaintiff that under New Jersey election law, a deceased candidate's votes are not automatically void. (*See* ECF No. 16 at 9–14.)

3. **ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 4 without prejudice to the ability to reopen this Motion pending the resolution of the jurisdictional question outlined herein.

4. **ORDERED** that a copy of this Memorandum Order shall be served on Plaintiff by regular U.S. mail at his address of record.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE